[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11100
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:09-cr-00009-HL-CWH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN CHURCHWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 14, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Jonathan Churchwell appeals his convictions for possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii), and possession with intent to distribute a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Having raised no evidentiary objections to the pertinent testimony at trial, Churchwell argues for the first time on appeal that the Government's introduction of out-of-court statements by confidential informants and a law enforcement officer violated his Confrontation Clause rights. Churchwell asserts the out-of-court statements were testimonial and were offered to prove he was keeping methamphetamine in a storage unit and was distributing methamphetamine from his current residence. He contends that even if the statements explained the course of the police investigation, the slight probative value of that non-hearsay purpose was overwhelmingly outweighed by the danger of unfair prejudice caused by the statements' hearsay use. We affirm Churchwell's convictions.

We normally review constitutional claims *de novo*. *United States v. Williams*, 527 F.3d 1235, 1239 (11th Cir. 2008). However, Churchwell did not object to the pertinent testimony or argument at trial on any grounds, including the Confrontation Clause, nor did he ask the district court for a limiting instruction. Therefore, we review only for plain error. *United States v. Jiminez*, 564 F.3d

1280, 1286 (11th Cir. 2009). Under plain error review, "[a]n appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). When these three conditions are met, we may notice the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* An error affects substantial rights if it has a "substantial influence on the outcome of a case or leave[s] grave doubt as to whether [it] affected the outcome of a case." *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007) (quotation omitted). The defendant bears the burden of persuasion to show an effect on substantial rights, *id.*, and if the error's effect on the outcome is uncertain or indeterminate, then the defendant has not met his burden of showing an effect on substantial rights, *Rodriguez*, 398 F.3d at 1301.

The Confrontation Clause of the Sixth Amendment prohibits the introduction of out-of-court statements that are "testimonial," unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). However, "the Confrontation Clause prohibits *only* statements that constitute impermissible hearsay." *Jiminez*, 564 F.3d at 1286. The Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter

3

asserted." *Id.* at 1286-87 (quotation omitted). Thus, statements by out-of-court witnesses to law enforcement officials "may be admitted as non-hearsay if they are relevant to explain the course of the officials' subsequent investigative actions, and the probative value of the evidence's non-hearsay purpose is not substantially outweighed by the danger of unfair prejudice caused by the impermissible hearsay use of the statement." *Id.* at 1288 (quotation omitted).

The introduction of out-of-court statements by Government witnesses did not violate Churchwell's Confrontation Clause rights. Although the district court did not make any evidentiary rulings on the statements or give a limiting instruction *sua sponte*, it appears the out-of-court statements were introduced for non-hearsay purposes—to explain how investigators got involved in the case and why they sought search warrants for Churchwell's storage unit and his current residence. The statements helped explain the course of the investigators' subsequent investigative actions, and were not plainly offered for the truth of the matter asserted. *Jiminez*, 564 F.3d at 1288.

Even if the statements were offered for hearsay purposes and thus, violated the Confrontation Clause, Churchwell has not met his burden to show a reasonable probability that the error affected his substantial rights. This is not a very close case where the out-of-court statements tipped the balance in favor of conviction.

4

Rather, this is a case where Churchwell was found to have rented a storage unit that contained over 50 grams of methamphetamine, and his bedroom contained methamphetamine that was packaged in a way consistent with distribution. Therefore, even if the jury considered the out-of-court statements for hearsay purposes, the statements did not likely have a substantial effect on the outcome, and any effect they did have is uncertain. *Rodriguez*, 398 F.3d at 1301. Accordingly, the introduction of out-of-court statements did not constitute plain error, and we affirm.

**AFFIRMED.**